**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEVORK PAYASLYAN, | No. 13-55858 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08651-R-MAN |
| v. | |
| ALLSTATE INDEMNITY COMPANY, an Illinois corporation Erroneously Sued As Allstate Insurance Company, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted July 9, 2015[**]
Pasadena, California

Before: REINHARDT, TASHIMA, and CLIFTON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gevork Payaslyan appeals the district court's grant of summary judgment in favor of Allstate Indemnity Company. We affirm.

"An insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith." *Wilson v. 21st Century Ins. Co.*, 171 P.3d 1082, 1088-89 (Cal. 2007) (quoting *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 784 (Cal. Ct. App. 2001)). Under California law, a bad faith claim can be dismissed on summary judgment if the insurer can show that there was a genuine issue as to the insurer's liability. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). Here, there was a genuine dispute as to the amount owed to Payaslyan. There was a difference of opinion among experts as to whether Payaslyan needed epidural cortisone injections as a result of the covered accident. *See id.* at 993.

Allstate's delay in obtaining an independent medical evaluator and in paying the policy limits was not unreasonable under all the circumstances given that much of the delay was due to Payaslyan's failure to provide information to Allstate or to respond to Allstate's requests on a timely basis. *See Blake v. Aetna Life Ins. Co.*, 160 Cal. Rptr. 528, 542 (Cal. Ct. App. 1979) (holding that insurer was reasonable

in withholding payment so that it could find out "on its own" that the requested amount of coverage was warranted).  *See also Maynard v. State Farm Mut. Auto. Ins. Co.*, 499 F. Supp. 2d 1154, 1160 (C.D. Cal. 2007) (applying California law).

Allstate's use of a computerized billing program in conjunction with an independent analysis did not show that Allstate failed thoroughly to investigate and fairly to evaluate Payaslyan's claim.  *Nager v. Allstate Ins. Co.*, 99 Cal. Rptr. 2d 348, 353-54 (Cal. Ct. App. 2000).

Payaslyan's attempts to revive additional causes of action fail.  The state court dismissed the first and third causes of action.  Only the bad faith cause of action remained in state court at the time of removal, so only the bad faith cause of action arrived in federal court.  *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996).  Payaslyan did not seek to amend his complaint at the district court level, and he cannot now do so on appeal.  *See Alaska v. United States*, 201 F.3d 1154, 1163-64 (9th Cir. 2000).

**AFFIRMED.**